2017 ND 113

**In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST Nicole E. FOSTER, a person admitted to the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Nicole E. Foster, Respondent**

**Nos. 20160403-20160434**

Supreme Court of North Dakota.

Filed 5/1/2017

DISBARMENT ORDERED.

Per Curiam.

[¶ 1] The Court has before it a consolidated stipulation for discipline, consent to discipline, and recommendations of the hearing panel recommending Nicole E. Foster be disbarred. Foster and the hearing panel agreed her conduct relating to

the 32 files before us violated N.D.R. Prof. Conduct 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 3.3, 5.3 and 8.4 and that the appropriate discipline is disbarment. We disbar Foster, and we order her to pay the costs and expenses of the disciplinary proceeding in the amount of $250; and to reimburse the North Dakota Client Protection Fund for any payments made to clients on her behalf. We remanded the issue of the amount of restitution owed to clients to the hearing panel, and therefore, retain jurisdiction on that issue.

[¶ 2] Foster was admitted to practice law in North Dakota on October 4, 2002. On May 8, 2015, Foster was placed on interim suspension. *See Disciplinary Board v. Foster*, 2015 ND 114, 863 N.W.2d 241. Her interim suspension was imposed until final disposition of the eight disciplinary proceedings pending at that time.

[¶ 3] The following formal matters form the basis of the petition for discipline at issue: 5778–W–1502, 5779–W–1502, 5781–W–1502, 5793–W–1504, 5794–W–1504, 5799–W–1504, 5800–W–1504, 5804–W–1504, 5814–W–1505, 5815–W–1505, 5816–W–1505, 5817–W–1505, 5818–W–1505, 1519–W–1505, 5821–W–1505, 5822–W–1505, 5823–W–1505, 5824–W–1505, 5825–W–1505, 5832–W–1506, 5834–W–1506, 5835–W–1506, 5836–W–1506, 5840–W–1506, 5844–W–1506, 5854–W–1507, 5855–W–1507, 5866–W–1507, 5876–W–1508, 5884–W–1509, 5916–W–1511, 5923–W–1512–W–1006. Foster failed to answer the petition. She admitted she is in default and the charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶ 4] Foster admitted the following facts in the stipulation, conclusions, and recommendations. Foster was retained or appointed to represent clients in the above matters. She alleged that she experienced personal issues stemming from the death of her mother, including depression, alcohol abuse, and financial difficulty. She also stated she was in an abusive romantic relationship.

[¶ 5] Foster knowingly failed to communicate with her clients, and clients had significant difficulty contacting her. She failed to make appearances on behalf of clients. Foster requested numerous continuances, often shortly before the scheduled appearances, even when continuances were not in her clients' best interest. She was not diligent and did not expedite her clients' matters.

[¶ 6] Some clients were required to obtain new counsel to complete legal matters for which Foster was hired. Clients had difficulty obtaining copies of their files. Clients also had difficulty obtaining substitution of counsel after terminating Foster's representation.

[¶ 7] For many clients who paid Foster retainers or fees, Foster failed to perform legal services or make appearances on their behalf. Foster collected unreasonable fees for work done and failed to refund any portion of the fees collected. Foster failed to maintain an interest-bearing trust account and failed to deposit advance payment of fees into such an account. She failed to comply with signed fee agreements regarding how client funds would be handled. Foster's bank accounts had minimal balances, which are insufficient to reimburse clients.

[¶ 8] Foster effectively abandoned her practice. She did not keep adequate records regarding the legal services she provided, or adequate billing or accounting records. After her interim suspension, she failed to assist the appointed trustees to obtain access to her files, to review her files, or to obtain assistance for her clients. She failed to assist the trustees to create an accounting of client funds.

[¶ 9] On November 28, 2016, Foster consented to discipline in the form of disbarment. She further agreed to pay costs and expenses of the proceedings in the amount of $250 within 30 days to the Secretary of the Disciplinary Board, to reimburse the client protection fund for any payments made to clients on her behalf, and to pay restitution to her former clients.

[¶ 10] Foster admitted her conduct violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to be diligent in handling her clients' cases and in failing to make appearances on her clients' behalf; 1.4, Communication, because clients had significant difficulty contacting Foster regarding their cases and Foster knowingly failed to communicate with her clients; 1.5, Fees, by knowingly failing to perform services on behalf of multiple clients and collecting unreasonable fees compared to the amount of work done for those clients; 1.15, Safekeeping Property, by not properly depositing clients' funds directly into an IOLTA account when necessary, not handling the clients' funds as outlined within her fee agreements, and not appropriately safeguarding her clients' property; 1.16, Declining or Terminating Representation, because after Foster was terminated by clients, the clients had difficulty obtaining their files and securing substitutions of counsel; 3.2, Expediting Litigation, by requesting frequent continuances due to scheduling conflicts and the number of cases she was handling, regardless of whether the continuance was in the client's best interests; 3.3, Candor Toward the Tribunal, because she was not accurate in her representations to courts, particularly with respect to scheduling; 5.3, Responsibilities Regarding Nonlawyer Assistants, by failing to make reasonable efforts to ensure her firm had in effect reasonable measures that gave reasonable assurance that her staff's conduct in handling client funds and handling client files was compatible with her professional obligations; and 8.4, Misconduct, by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation that reflected adversely on her fitness as a lawyer and by engaging in conduct that was prejudicial to the administration of justice.

[¶ 11] Foster admitted application of aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a prior discipline history, dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. Foster admitted application of the mitigating factor under N.D. Stds. Imposing Lawyer Sanctions 9.23 of personal or emotional problems. She admitted disbarment is the appropriate sanction.

[¶ 12] The stipulation for discipline, consent to discipline, and recommendations were served and forwarded to this Court. Objections to the Consolidated Stipulation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 13] With regard to restitution, the stipulation for discipline, consent to discipline, and recommendations provides that Foster pay restitution "to her former clients in the amounts listed within the Fourth Amended Petition for Discipline." The Fourth Amended Petition for Discipline contains two lists of clients. The first list is in the petition allegations and contains a description of each of the 32 complainants that led to formal discipline. Some descriptions in the first list include fee or retainer amounts paid to Foster. The second list is a spreadsheet attached to the petition listing 116 clients. In the second list, some entries contain fee or retainer amounts clients paid to Foster, contain no amount, or indicate the client or disciplinary counsel are only claiming a

portion of the funds should be refunded. The amount of restitution was not clear. Therefore, we requested clarification of the hearing panel's intention with regard to restitution.

[¶ 14] On March 16, 2017, the hearing panel filed its clarification attaching as Exhibit A the recommended restitution to each client. Foster was given an opportunity to respond, and on April 11, 2017, objected to the clarification. On April 19, 2017, we entered an order remanding the issue of restitution to the hearing panel. We retain jurisdiction related to that issue.

[¶ 15] **ORDERED**, that except for restitution, the stipulation for discipline, consent to discipline, and recommendations by the hearing panel is accepted.

[¶ 16] **IT IS FURTHER ORDERED**, that Nicole E. Foster is DISBARRED from the practice of law in North Dakota effective immediately.

[¶ 17] **IT IS FURTHER ORDERED**, that Foster pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 30 days of entry of judgment.

[¶ 18] **IT IS FURTHER ORDERED**, that Foster make restitution to the North Dakota Client Protection Fund for any amounts paid now or in the future on her behalf within 60 days of entry of the judgment in this matter or the payment made by the Client Protection Fund, whichever is sooner.

[¶ 19] **IT IS FURTHER ORDERED**, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶ 20] **IT IS FURTHER ORDERED**, that Foster must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 21] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Lisa Fair McEvers

Daniel J. Crothers

Carol Ronning Kapsner