Filed 1/4/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 1

In the Matter of the Application for 

Disciplinary Action Against Nicole E. 

Foster, a Person Admitted to the Bar 

of the State of North Dakota

     ----------

Disciplinary Board of the Supreme Court

of the State of North Dakota,                                   Petitioner

     v.

Nicole E. Foster,                                                Respondent

Nos. 20160403-20160434

Application for Discipline.

RESTITUTION ORDERED. 

Per Curiam.

[¶1] The Court has before it the findings of fact, conclusions of law, and recommendations of the hearing panel recommending Nicole E. Foster pay restitution to 115 clients.  We accept the hearing panels recommendations and we order Foster to pay restitution to clients as ordered below.

[¶2] Foster was admitted to practice law in North Dakota on October 4, 2002. On May 8, 2015, Foster was placed on interim suspension.  
Disciplinary Board v. Foster
, 2015 ND 114, 863 N.W.2d 241.  On May 1, 2017, Foster was disbarred.  
Disciplinary Board v. Foster
, 2017 ND 113, 894 N.W.2d 378.  However, we retained jurisdiction on the issue of the amount of restitution owed to clients and remanded to the hearing panel for appropriate further action.  Subsequent to that decision, Foster was disbarred again.  
Disciplinary Board v. Foster
, 2017 ND 161, 896 N.W.2d 911. 

[¶3] A hearing on remand was held on June 11, 2017.  On October 16, 2017, the findings of fact, conclusions of law, and recommendations of the hearing panel were filed with this Court.  Objections were due within 20 days of service of the report.  No objections were received, and the matter was submitted to the Court for consideration.

[¶4] The hearing panel made the following findings, conclusions and recommendations.  In an affidavit attached to disciplinary counsel’s application for interim suspension, Foster agreed to appointment of a trustee and stated she would cooperate with the trustee.  
Foster
, 2015 ND 114, 863 N.W.2d 241.  Two trustees were initially appointed to take control of Foster’s office and files.  In one meeting, Foster provided minimal information on her client files.  After retrieving her personal effects from her office, Foster ceased all assistance to the trustees.  

[¶5] Foster used both a paper filing system and online storage service for documents.  She provided information to the trustees to access the online storage service.  However, because Foster had allowed her service to lapse after a month, the trustees could no longer access the online information.  Foster attempted to access the information in preparation for the hearing, but testified she was informed the records were no longer available after she allowed her account to lapse.  Foster did not maintain a backup of her online storage.  

[¶6] The trustees found no time management or billing system and found few billing records in client files.  Foster electronically stored billing information.  The hearing panel concluded Foster failed to inform the trustee about a billing system or provide a password.  In preparation for the hearing, Foster attempted to access her billing information, but testified she was informed the records were no longer available after she allowed her account to lapse.  Foster did not maintain a backup of her billing records.  Foster admitted she did not follow up with the trustees about her billing program after seeing the amounts listed in the Fourth Amended Petition. 

[¶7] The documentation contained in Foster’s paper files regarding time worked or payments received decreased over time.  After 2014, file organization decreased significantly.  Some earlier files contained fee agreements and receipts for payments, but later on files did not contain such information.  Foster admitted her record keeping was inadequate, which substantially hindered the trustees determination of what amount of restitution was owed to each client. 

[¶8] A third trustee was appointed to handle the financial aspect of the files.  The trustee sent questionnaires to clients regarding the financial details of their cases and requested any supporting financial documentation.  Many clients moved or changed phone numbers, so all financial information was not obtainable.  The trustee also sought records regarding Foster’s bank accounts.  

[¶9] The trustees determined the amount of restitution owed to clients based on files, fee agreements, communication with clients, reviewing the docket for each client’s case, and available financial records.  Foster’s determination of what is owed to clients was based on her memory and review of some docket information.  On remand, Foster did not provide evidence of what was owed to clients, serve discovery requests, or contact the trustees to obtain information.  It was determined that some clients were not owed what they claimed, and the trustee acknowledged others may have been inaccurate or exaggerated.  However, there were insufficient information and records to definitively determine restitution.  Therefore, the hearing panel recommended restitution as listed on Appendix A, which is incorporated into the opinion and available in the Clerk of the Supreme Court’s office.

[¶10] 
ORDERED
, the findings of fact, conclusions of law, and recommendations of the hearing panel are accepted.

[¶11] 
IT IS FURTHER ORDERED
, that Nicole E. Foster is ordered to pay restitution to clients as listed in Appendix A within 90 days of entry of judgment. The total amount of restitution is $407,025. 

[¶12] 
IT IS FURTHER ORDERED
, that Foster pay the costs and expenses of these disciplinary proceedings in the amount of $4,110.84 payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505-0530, within 90 days of entry of judgment. 

[¶13] 
IT IS FURTHER ORDERED
, that Foster make restitution to the North Dakota Client Protection Fund for any amounts paid now or in the future on her behalf within 60 days of entry of the judgment in this matter or the payment made by the Client Protection Fund, whichever is sooner. 

[¶14] Gerald W. VandeWalle, C.J.

Jon J. Jensen

Jerod E. Tufte

Lisa Fair McEvers

Daniel J. Crothers