# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 95

State of North Dakota,                                    Plaintiff and Appellee

    v.

Shawn Glenn Helmenstein,                         Defendant and Appellant

No. 20190336

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Dennis H. Ingold (argued), Assistant State's Attorney, and Wayne D. Goter (on brief), Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

### State v. Helmenstein
### No. 20190336

**Per Curiam.**

[¶1] Shawn Helmenstein appeals from an amended criminal judgment. In 1999, a jury convicted Helmenstein of murder, a class AA felony in violation of N.D.C.C. § 12.1-16-01(1) and robbery, a class A felony in violation of N.D.C.C. § 12.1-22-01. *State v. Helmenstein*, 2000 ND 223, ¶ 1, 620 N.W.2d 581 (affirming conviction). The district court sentenced Helmenstein to life

imprisonment with the possibility of parole on the murder charge and a consecutive ten-year term of imprisonment on the robbery charge. The court's judgment did not specify when Helmenstein would be eligible for parole. In 2019, Helmenstein filed a motion to correct the criminal judgment requesting the court clarify when he would be eligible for parole. The court granted his motion, in part, and amended the criminal judgment to include a life expectancy determination and a statement detailing N.D.C.C. § 12.1-32-09.1, which requires violent offenders to serve 85% of their sentence before being eligible for parole.

[¶2]   On appeal, Helmenstein argues his sentence is an unconstitutional ex post facto application of the law because the district court's life expectancy determination was calculated according to the mortality table identified by N.D. Sup. Ct. Admin. R. 51, which did not become effective until after the date of Helmenstein's crimes and sentence. He also argues the violent offender sentencing statute, N.D.C.C. § 12.1-32-09.1, is unconstitutionally vague and therefore void. We summarily affirm under N.D.R.App.P. 35.1(a)(7). Helmenstein did not raise these constitutional issues before the district court, and therefore we will not consider them on appeal. *See State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (explaining constitutional issues raised for the first time on appeal will not be considered). *See also State v. Seidel*, 2018 ND

215, ¶ 1, 917 N.W.2d 514 (summarily affirming criminal judgment when constitutional argument was not raised before the district court).

[¶3]   Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Gerald W. VandeWalle
       Daniel J. Crothers
       Jerod E. Tufte